UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARL W. KASULKE, individually and CARL W.
KASULKE as father and natural guardian of LUKE
KASULKE, an infant,

                                      Plaintiff,

   -against-

THE COUNTY OF SUFFOLK, THE SUFFOLK
COUNTY POLICE DEPARTMENT, P.O. PAUL
ROCCHIO and P.O. PETER CUNNEEN,

                                    Defendants.
----------------------------------------------------------------X

CV10-0988 (LDW) (ARL)

CORRECTED SECOND
AMENDED COMPLAINT
AND JURY TRIAL DEMAND

Plaintiffs, by their attorneys, PEARLMAN, APAT, FUTTERMAN, SIROTKIN & SEINFELD, LLP., complaining of the defendants herein, respectfully allege, upon information and belief, as follows:

## JURISDICTION

1. This is a civil action seeking compensatory damages, punitive damages and attorneys' fees.

2. This action is brought pursuant to the common law and statutory law of the State of New York and pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiffs, invoking the pendent jurisdiction of this Court, also seek monetary damages, as well as attorneys' fees, for battery and negligent screening, hiring, training and retaining of police officers.

5. The individual defendants are sued in their individual capacities as well as in their capacities as employees of defendants THE COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT.

## VENUE

6. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this district.

## JURY TRIAL DEMAND

7. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

8. At all times relevant hereto, plaintiff CARL W. KASULKE was and is a natural person, and a resident of Seaford, New York.

9. At all times relevant hereto, infant plaintiff LUKE KASULKE was and is a natural person, and a resident of Seaford, New York and the son of plaintiff CARL W. KASULKE.

10. At all times relevant hereto, defendants PAUL ROCCHIO and PETER CUNNEEN were and are natural persons employed by defendant THE COUNTY OF SUFFOLK as members of its Police Department.

11. At all times relevant hereto, defendant THE COUNTY OF SUFFOLK was and is a municipal corporation organized and existing pursuant to the laws of the State of New York.

12. At all times relevant hereto, defendant THE SUFFOLK COUNTY POLICE DEPARTMENT was and is a municipal corporation organized and existing pursuant to the laws of the State of New York.

13. On May 29, 2009, this date being within ninety (90) days after the claims herein accrued, plaintiffs served upon the Office of the County Attorney of the County of Suffolk and the Suffolk County Police Department a verified written Notice of Claim setting forth the time, place, nature and manner in which said claims arose.

14. Thereafter, a General Municipal Law §50-h hearing of plaintiff CARL W. KASULKE, was conducted on September 21, 2009.

15. On January 22, 2010, an Amended Notice of Claim (dated January 19, 2010) was served by mail on counsel for the County.

16. More than thirty (30) days have elapsed since the General Municipal Law §50-h hearing was held and the aforesaid verified Notice of Claim and Amended Notice of Claim was served and the County Attorney has neglected and refused to make payment on said claim.

17. This action is commenced within one year and 90 days from the date that the causes of action herein accrued.

## FACTS COMMON TO ALL CAUSES OF ACTION

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "17" hereinabove as if more fully set forth at length therein.

19. On or about March 7, 2009, at approximately 3:45 P.M., plaintiff CARL W. KASULKE was lawfully operating a motor vehicle on a road known as Venetian Promenade near the intersection of West Montauk Highway, Lindenhurst, State of New York.

20. The infant plaintiff, LUKE KASULKE, was a passenger in the aforementioned motor vehicle.

21. Plaintiff CARL W. KASULKE's vehicle was signaled to pull over by an unmarked motor vehicle, which so instructed him by the flashing of its lights.

22. Defendants PAUL ROCCHIO and PETER CUNNEEN, who had been in the aforementioned patrol car, approached plaintiff CARL W. KASULKE's vehicle.

23. Defendants PAUL ROCCHIO and PETER CUNNEEN instructed plaintiff CARL W. KASULKE to get out of his car.

24. Plaintiff CARL W. KASULKE complied with the aforementioned request.

25. Defendants PAUL ROCCHIO and PETER CUNNEEN then instructed plaintiff CARL W. KASULKE to get back in his car and to shut the engine off.

26. Plaintiff CARL W. KASULKE complied with the aforementioned request.

27. Defendants PAUL ROCCHIO and PETER CUNNEEN then instructed plaintiff CARL W. KASULKE to get back out of his car and to put his hands on the trunk of his car.

28. Plaintiff CARL W. KASULKE complied with the aforementioned request.

29. Defendants PAUL ROCCHIO and PETER CUNNEEN then immediately started patting down, searching and emptying the pockets of plaintiff CARL W. KASULKE, while asking in substance, Where is it? Where is the heroin at? and kept

telling plaintiff CARL W. KASULKE, You're a heroin addict. Where is it? We know you just copped, etc.

30. Defendants PAUL ROCCHIO and PETER CUNNEEN also checked plaintiff CARL W. KASULKE's shoes and socks, lifted his pant legs and checked his legs.

31. Defendant PAUL ROCCHIO then instructed plaintiff CARL W. KASULKE to undo his pants, which he did, pulled his pants forward, pulled his underwear away from his body and touched his penis and testicles, apparently searching for drugs, and kept saying, "Tell me where it is. Tell me where it is."

32. After defendant PAUL ROCCHIO was finished with plaintiff CARL W. KASULKE, he told him, "Pull your pants up."

33. Plaintiff CARL W. KASULKE complied with the aforementioned request.

34. Defendants PAUL ROCCHIO and PETER CUNNEEN asked plaintiff CARL W. KASULKE what he was doing there and plaintiff replied that he was heading to Venetian Shores.

35. Defendant P.O. PETER CUNNEEN also entered improperly and, without permission, searched CARL W. KASULKE's vehicle and questioned his eight-year-old child, infant plaintiff LUKE KASULKE, and acted in an authoritative and intimidating manner, frightening the infant plaintiff LUKE KASULKE.

36. Defendants PAUL ROCCHIO and PETER CUNNEEN told plaintiff CARL W. KASULKE, "We are going to get you at some point," and left.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS AGAINST DEFENDANTS
## P.O. PAUL ROCCHIO AND P.O. PETER CUNNEEN
## (42 U.S.C. §1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "36" as if more fully set forth at length herein.

38. The individual defendants violated plaintiff CARL W. KASULKE's right to due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States in that they, acting under color of state law, without either reasonable suspicion or probable cause to do so, improperly stopped the vehicle in which plaintiff CARL W. KASULKE was lawfully traveling with his son, infant plaintiff LUKE KASULKE, forced him to exit his vehicle; illegally and improperly searched him and his car without permission; and illegally and improperly questioned his son, infant plaintiff LUKE KASULKE.

39. Because of the aforesaid acts committed by the individual defendants, plaintiffs CARL W. KASULKE and LUKE KASULKE suffered a deprivation of the right to the due process of law guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, were publicly humiliated, intimidated, terrorized and suffered severe mental anguish.

40. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual defendants, plaintiffs have been damaged in the amount of Five Hundred Thousand ($500,000.00) Dollars.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CARL W. KASULKE AGAINST
### DEFENDANTS ROCCHIO AND THE COUNTY OF SUFFOLK
### (Battery)

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "40" hereinabove as if more fully set forth at length herein.

42. On or about March 7, 2009, at approximately 3:45 P.M., on the road known as Venetian Promenade near the intersection of West Montauk Highway, Lindenhurst, County of Suffolk, State of New York, plaintiff CARL W. KASULKE, without probable cause or provocation, was offensively touched when he was forcibly manhandled by defendant ROCCHIO, who instructed him to undo his pants, pulled his pants and physically pulled his underwear away from his body and touched his private areas, along with the rest of his person.

43. The aforesaid force used by defendant ROCCHIO was not reasonable under the circumstances.

44. At the time defendant ROCCHIO committed the aforementioned act of battery, he was acting within the scope of his employment by defendant THE COUNTY OF SUFFOLK.

45. By reason of the aforesaid act of battery committed against him by defendant ROCCHIO, while he was acting within the scope of his employment by defendant THE COUNTY OF SUFFOLK, plaintiff CARL W. KASULKE was publicly humiliated, intimidated, terrorized and suffered severe mental upset.

46. As a result of the aforesaid act of battery, plaintiff CARL W. KASULKE has been damaged in the amount of Five Hundred Thousand ($500,000.00) Dollars.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF CARL W. KASULKE AGAINST DEFENDANTSTHE COUNTY OF SUFFOLK AND THE SUFFOLK COUNTY POLICE DEPARTMENT
(Negligence)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "46" hereinabove as if more fully set forth at length herein.

48. On or about March 7, 2009, at approximately 3:45 P.M., on the road known as Venetian Promenade near the intersection of West Montauk Highway, Lindenhurst, County of Suffolk, State of New York, plaintiff CARL W. KASULKE, without probable cause or provocation, was offensively touched when he was forcibly manhandled by defendant ROCCHIO, who unzipped his pants and physically grabbed and pulled back his underwear and forcibly grabbed and touched his private areas, along with the rest of his person.

49. At the time defendant ROCCHIO committed the aforementioned illegal and unconstitutional acts, he was acting within the scope of his employment by defendants, THE COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT.

50. The aforesaid wrongful acts committed by defendant ROCCHIO were a direct result of the negligence, recklessness and carelessness of defendants THE COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT in screening, hiring, training, retaining and supervising defendant PAUL ROCCHIO.

51. Solely as a result of the aforesaid negligence, recklessness and carelessness of defendants THE COUNTY OF SUFFOLK and THE SUFFOLK

COUNTY POLICE DEPARTMENT and through no culpable conduct on the part of plaintiff CARL W. KASULKE, plaintiff CARL W. KASULKE suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, was deprived of his civil rights, liberty, suffered physical, mental and emotional injuries, injury to reputation, humiliation and embarrassment.

52. By reason of the aforementioned negligence of defendants THE COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT, and through no culpable conduct on the part of plaintiff CARL W. KASULKE, plaintiff CARL W. KASULKE has been damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF SUFFOLK AND THE SUFFOLK COUNTY POLICE DEPARTMENT (42 U.S.C. §1983)

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "52" hereinabove as if more fully set forth at length herein.

54. Commencing in 1993, defendant PAUL ROCCHIO has had more than forty civilian complaints made against him.

55. Eight of these civilian complaints alleged either strip-searching suspects in public streets, requiring suspects to pull their pants down, reaching into a suspect's pockets, reaching into a female suspect's underwear, reaching into a suspect's front

pants pockets and grabbing a female suspect's breasts and vaginal area and rubbing her buttocks.

56. The aforementioned allegations were made in 1995, 1996, 1998, 2001 (two complaints), 2004 and 2007.

57. The instant complaint follows the same pattern as the eight complaints noted in paragraphs "55" and "56" hereinabove.

58. Except for a few incidents involving failure to keep proper records, not one of the aforementioned complaints has ever been substantiated by defendant COUNTY OF SUFFOLK's Police Department.

59. In 1993, defendant PAUL ROCCHIO had to turn his weapons, shield and ID card over to his commanding officer because he had allegedly become violent and threatened to kill his wife. Apparently this incident was never investigated by the Internal Affairs Bureau of defendant THE SUFFOLK COUNTY POLICE DEPARTMENT.

60. In 1997, Captain Mark White of the Suffolk County Police Department Internal Affairs Bureau recommended that defendant PAUL ROCCHIO be closely supervised because of the excessive number of civilian complaints he had received in his first four years of service as a Suffolk County police officer and recommended that he be required to attend a "verbal judo" class.

61. In 1998, upon information and belief, defendant PAUL ROCCHIO was removed from his steady sector car assignment because of excessive civilian complaints.

62. In 2001, defendant PAUL ROCCHIO was verbally counseled for use of unprofessional language when dealing with members of the public and it was once again recommended that he be required to attend a "verbal judo" class.

63. Despite the aforementioned record, defendant PAUL ROCCHIO continues to be employed as a police officer by defendant COUNTY OF SUFFOLK.

64. The fact that no civilian complaint involving conduct such as that alleged in this action, or any other kind of complaint alleging improper behavior towards civilians on the part of defendant PAUL ROCCHIO has ever been substantiated, evidences an unlawful municipal policy on the part of defendants COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT of (a) exhibiting deliberate indifference to improper conduct, of which they have notice and knowledge, on the part of their police officers, (b) ratifying the improper acts of their police officers; (c) failing to investigate fully civilian complaints against their police officers; (d) being deliberately indifferent to the rights of those members of the public who come into contact with these defendants' police officers; (e) failing to take steps to prevent improper acts by their police officers; and (f) failing to discipline police officers who violate the rights of members of the public, in particular defendant PAUL ROCCHIO, all of which constitute a municipal custom or policy of defendants COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT that violates the Constitution of the United States.

65. Solely as a result of the aforementioned unconstitutional and unlawful municipal custom or policy of defendants THE COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT, plaintiff CARL W. KASULKE suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and

fourteenth amendments to the Constitution of the United States and, as a result, was deprived of his civil rights, liberty, suffered physical, mental and emotional injuries, injury to reputation, humiliation and embarrassment.

66. By reason of the aforementioned unconstitutional and unlawful municipal policy, plaintiff CARL W. KASULKE has been damaged in the amount of Five Hundred Thousand ($500,000.00) Dollars.

WHEREFORE, plaintiffs, CARL W. KASULKE and CARL W. KASULKE as parent and legal guardian of LUKE KASULKE, demand judgment against defendants, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. PAUL ROCCHIO and P.O. PETER CUNNEEN as follows:

FIRST CAUSE OF ACTION: Five Hundred Thousand ($500,000.00) Dollars;
SECOND CAUSE OF ACTION: Five Hundred Thousand ($500,000.00) Dollars;
THIRD CAUSE OF ACTION: Five Hundred Thousand ($500,000.00) Dollars;
FOURTH CAUSE OF ACTION: Five Hundred Thousand ($500,000.00) Dollars.

Plaintiffs, in addition, demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
June 15, 2011

BY: _____
PEARLMAN, APAT, FUTTERMAN,
SIROTKIN & SEINFELD, LLP
Attorneys for Plaintiffs
80-02 Kew Gardens Road
Suite 5001
Kew Gardens, New York 11415
(718) 261-9460